IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE W. MATTHEWS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-1199-STA-egb |
| | ) | |
| RUSTY WASHBURN,[1] | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DIRECTING CLERK TO MODIFY RESPONDENT,
DENYING MOTION TO DISMISS, AND
STAYING PROCEEDINGS AND ADMINISTRATIVELY CLOSING CASE**

On October 16, 2017, Petitioner George W. Matthews filed a *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254 (ECF No. 1). In compliance with the Court's October 27, 2017 Order (ECF No. 7), Petitioner then filed an Amended Petition on the Court's form (the "Amended Petition") (ECF No. 8). Before the Court is Respondent Rusty Washburn's Motion to Dismiss for Failure to Exhaust State Remedies (ECF No. 13). And for the reasons that follow, the Motion is **DENIED,** and the case is **STAYED** and **ADMINISTRATIVELY CLOSED**.

I.   **BACKGROUND**

A jury of Lake County, Tennessee, convicted Petitioner of one count of possession with intent to sell and deliver over half an ounce of marijuana and two counts of attempt to introduce contraband into a penal facility. Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, at 1, Nov. 8, 2017, ECF No. 8 [hereinafter "Am. Pet."]. The criminal

---

[1] The warden at the Trousdale Turner Correctional Center, where Petitioner is currently incarcerated, is Rusty Washburn. The Clerk is therefore **DIRECTED** to modify the docket to show only Rusty Washburn as Respondent. *See* Fed. R. Civ. P. 25(d).

1

court sentenced him to twelve years of imprisonment. *Id.* The Tennessee Court of Criminal Appeals (the "TCCA") affirmed the judgments of conviction, and the Supreme Court of Tennessee denied discretionary review. *See State v. Matthews*, 2017 Tenn. Crim. App. LEXIS 49, at *2 (Tenn. Crim. App. Jan. 24, 2017), *perm. appeal denied* (Apr. 13, 2017).

Matthews filed a state *pro se* petition for a writ of habeas corpus in the Trousdale County Circuit Court, which was denied. Am. Pet., at 2. On appeal, the TCCA affirmed, and the Supreme Court of Tennessee again denied discretionary review. *See Matthews v. State*, No. 2017 Tenn. Crim. App. LEXIS 493, at *1 (Tenn. Crim. App. June 8, 2017), *perm. appeal denied* (Sept. 21, 2017).

In 2017, Petitioner initiated this federal habeas proceeding, in which he raises the following claims: (1) the indictment "fail[ed] to charge attempt by statute" ("Claim 1"); (2) there is no "attempt" under Tenn. Code Ann. § 39-16-201 ("Claim 2"); and (3) the trial judge erred by "construct[ivel]y amend[ing] the indictment to the jury" ("Claim 3"). Am. Pet., at 5.

On November 28, 2017, the Court entered an Order (ECF No. 9) directing Respondent to file the state court record and respond to the Amended Petition. Respondent subsequently filed the instant Motion to Dismiss (ECF No. 13) but did not file the state court record.

## II.   DISCUSSION

In his Motion, Respondent argues that the Amended Petition should be dismissed without prejudice because it contains only unexhausted claims and because Petitioner is currently pursuing state post-conviction relief. In support, Respondent submits the affidavit of Assistant District Attorney General Lance E. Webb. Aff. of Lance E. Webb, Dec. 6, 2017, ECF No. 13-2. Webb avers that he is representing the State of Tennessee in Petitioner's post-conviction

proceeding, which remains pending at the trial level. *Id.* at 2. Petitioner has not responded to the Motion, although he was allowed to do so.

As a general matter, a federal court may not grant relief on an unexhausted claim. 28 U.S.C. § 2254(b)(1)(A). A claim is unexhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). A petition which contains only unexhausted claims is properly dismissed without prejudice to allow the petitioner to return to state court to exhaust his claims. *See e.g.*, *Mckay v. Kennedy*, 2016 U.S. Dist. LEXIS 84140, at *5 (W.D. Tenn. June 29, 2016) (dismissing petition without prejudice where the "claims [were] plainly unexhausted").

If a petitioner files a "mixed" § 2254 petition containing both exhausted and unexhausted claims, the district court has some discretion to stay the petition to allow the prisoner to exhaust his unexhausted claims. *Cf. Rhines v. Weber*, 544 U.S. 269, 276–77 (2005). A stay of proceedings may also be warranted where all claims in the petition are exhausted but the petitioner is still pursuing state post-conviction relief. *See Watkins v. Smith*, 2018 U.S. Dist. LEXIS 5765, at *7 (E.D. Mich. Jan. 12, 2018) ("A federal district court is authorized to stay fully exhausted federal habeas petitions pending the exhaustion of other claims in the state courts.") (citing *Bowling v. Haeberline,* 246 F. App'x. 303, 306 (6th Cir. 2007); *Nowaczyk v. Warden*, 299 F.3d 69, 77–79 (1st Cir. 2002); *Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2000); *Thomas v. Stoddard*, 89 F. Supp. 3d 937, 943 (E.D. Mich. 2015)).

Respondent's assertion, here, that the Amended Petition contains only unexhausted claims, and therefore must be dismissed, is without merit. Claim 1 was raised on direct appeal but denied. *See Matthews*, 2017 Tenn. Crim. App. LEXIS 49, at *28 ("While Count Two and

Count Three do not reference the attempt statute, the indictment satisfies the requirements of the United States Constitution . . . ."). The claim is therefore exhausted.

As for Claims 2 and 3, it does not appear from the published state court decisions that Petitioner raised these issues on direct appeal or in his state habeas proceeding. But there is no way for the Court to know that with certainty without having first reviewed the state appellate briefs, which Respondent has not filed.[2] Even if Petitioner did not raise these issues, he probably no longer has an available state court avenue to assert them. Respondent, however, has not addressed this issue.

At bottom, then, the Amended Petition is either a fully exhausted petition or a mixed petition containing a combination of exhausted and unexhausted claims. In either event, the Court concludes that, in the interests of comity and judicial economy, the most appropriate procedure is to stay and administratively close this case until the state post-conviction proceedings are finished. *See Rhines*, 544 U.S. at 276–77 (permitting the stay procedure for mixed petitions); *Bowling,* 246 F. App'x. at 306 (quoting *Nowaczyk*, 299 F.3d at 83) (holding a habeas court may delay a decision on a petition that contains only exhausted claims "when considerations of comity and judicial economy would be served").

### III. CONCLUSION

The proceedings in this case are therefore **STAYED** and the case is **ADMINISTRATIVELY CLOSED**. Nothing in this Order or the related docket entry shall be considered a dismissal or disposition of this case. It is further **ORDERED** that, within thirty

---

[2] As noted, the Court directed Respondent to file the state court record, but he did not do so.

(30) days of the state courts' resolution of his post-conviction petition, Petitioner shall notify the Court of the resolution and file a motion to lift the stay and reopen this case.

**IT IS SO ORDERED**.

                                        **s/ S. Thomas Anderson**
                                        S. THOMAS ANDERSON
                                        CHIEF UNITED STATES DISTRICT JUDGE

                                        Date:  April 24, 2018.